IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., as Broadcast Licensee of the January 31, 2009 UFC #94 Broadcast, :<br><br>Plaintiff,<br><br>v.<br><br>MASLU KEBEDE, AMSALU KEBEDE and HAILE KASIE, Individually, and as officers, directors, Shareholders and/or principals of COTTAGE ETHIOPIAN RESTAURANT, INC., d/b/a COTTAGE ETHIOPIAN, a/k/a COTTAGE ETHIOPIAN RESTAURANT, and COTTAGE ETHIOPIAN RESTAURANT, INC., d/b/a COTTAGE ETHIOPIAN, a/k/a COTTAGE ETHIOPIAN RESTAURANT,<br><br>Defendants. | CIVIL ACTION NO.<br>1:09-CV-02373-RWS |

**ORDER**

This case is before the Court on Plaintiff's Amended Motion for Summary Judgment [30]. After reviewing entire record, the Court enters the following order.

**Background**

Joe Hand Promotions, Inc., (collectively "Joe Hand Promotions" or "Plaintiff") brought this action against Amsalu Kebede, Maslu Kebede, and Cottage Ethopian Restaurant, Inc., ("Cottage Ethiopian" or "Defendants") asserting a claim of piracy. (Complaint [1] at ¶ 23). Joe Hand is a commercial distributer of the January 31, 2009 UFC #94 Program ("the Program"). (SOF[1] at ¶ 1). Defendants own and operate Cottage Ethopian Restaurant, located in Atlanta, Georgia. (SMF[2] at ¶ 1, 2).

Plaintiff's complaint alleges that they own the exclusive right to distribute the Program, and that Defendants violated this exclusive right when they exhibited the Program in their restaurant without first receiving permission from Plaintiff. Plaintiff alleges that Defendants accomplished this by using a personal residential DISH network account to purchase the Program and then exhibit it in their commercial establishment.

Plaintiff's cause of action states a violation of 47 U.S.C. § 605 (the "Piracy Statute"). The statute provides that,

---

[1] Plaintiffs' Statement of Facts in Support of Motion for Summary Judgment ("SOF") [30-4].

[2] Defendants' Statement of Additional Material Facts that Present a Genuine Issue for Trial ("SMF") [33-5].

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). The statute further provides for a private cause of action in U.S. District Court for any person damaged by any violation of Section 605(a). 47 U.S.C. § 605(e)(3)(A). Plaintiffs point to several facts to support their claim that Defendants violated the statute.

Plaintiffs state that Cottage Ethiopian was a commercial establishment on January 31, 2009. (SOF at ¶ 3). The event in question, the UFC # 94 Program, was shown in Defendant's establishment on January 31, 2009. (Id. at ¶ 5). Plaintiff owned the rights to commercially distribute the Program. (Id. at ¶ 1). Plaintiff alleges that Defendants purchased the Program through their satellite provider, DISH

Network on a residential account, instead of purchasing the right to distribute the Program in a commercial establishment from Plaintiff. (Amended Memorandum in Support of Motion for Summary Judgment ("Pl's Memo"), Dkt [30-3] at p. 12). As proof for their claim, Plaintiff claims that they have a video taken by an auditor which shows the Program being shown in Defendants' restaurant. (Plaintiff's Reply to Defendants' Response to the Motion for Summary Judgment ("Pl's Reply"), Dkt [34] at p. 3).

Defendants do not deny that they exhibited the Program in their restaurant, but insist that they did not profit off of the exhibition. (ROF[3] at ¶¶ 1, 3, 5, 6). Defendants further claim that they would not have ordered the Program had someone not called the establishment specifically requesting it. (Defendant's Memorandum in Opposition to Plaintiff's Amended Motion for Summary Judgment ("Def's Response"), Dkt [33-2] at pp. 5, 6, 12). Defendants claim that the person who asked them to exhibit the Program was an agent of the Plaintiff. (Id. at pp. 12-14). Defendants assert that they were not aware that they were violating any statute and

---

[3] Defendants' Response to Plaintiff's Amended Statement of Undisputed Material Facts ("ROF") [33-1].

4

thus, this Court should only award damages of $250, if any.  See 47 U.S.C. § 605(e)(3)(C)(iii).[4]

In light of Defendants' responses outlined above, Joe Hand Promotions brings the present Motion for Summary Judgment asserting that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.  The Court now examines Plaintiff's assertions.

## Discussion

Plaintiff has moved for summary judgment on their piracy claim.  Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting

---

[4] Section 605(e)(3)(C)(iii) states: "In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250."

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts"). With these standards as a foundation, the Court turns to address the merits of the Plaintiff's motion for summary judgment.

In order to succeed under 47 U.S.C §605, Plaintiff must show that the Defendant has "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." California Satellite Systems v. Seimon, 767 F.2d 1364 (9th Cir. 1985). The Plaintiff has shown that Defendants did in fact intercept and exhibit the transmission of the UFC # 94 Program in their commercial establishment without receiving authorization from Plaintiff. Defendants even concede that "the statute does not provide a 'good faith' defense against the unauthorized receipt of cable signals." (Def's Response, Dkt [33-2] at pp. 12). Thus, any lack of willfulness or knowledge on the part of the Defendants will be evaluated in connection with damages, and is not relevant in deciding liability.

There is no genuine issue of material fact as to whether Defendants displayed the Program without first obtaining permission from Plaintiff. Finding no genuine

issues of material fact as to Plaintiff's claim that Defendants violated the Piracy Statute, summary judgment is warranted against Defendants as to that claim.

## Conclusion

For the foregoing reasons, Plaintiff's Amended Motion for Summary Judgment [30] is **GRANTED**.  A hearing to determine the appropriate amount of damages has been scheduled for Monday, February 7, 2011 at 10:00 a.m. in Courtroom 2105.

**SO ORDERED** this   26th   day of January, 2011

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE